**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN DELAMATER,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:14-0008 |
| v. | : | (MANNION, D.J.) |
| **NORGREN KLOEHN, INC. and, KLOEHN, INC.** | : | |
| | : | |
| Defendants | | |

## **MEMORANDUM**

Presently before the court is the plaintiff's motion to remand, (Doc. No. 7), claiming that the amount in controversy fails to meet the $75,000 threshold required by 28 U.S.C. §1332(a) for diversity jurisdiction. As the defendants' have failed to meet their burden of establishing to a legal certainty that the amount in controversy exceeds $75,000, the motion will be granted and the case will be remanded to the Pennsylvania Court of Common Pleas for Luzerne County.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff in this matter, John Delamater, was an employee of the defendants, Norgren Kloehan, Inc. and Kloehn, Inc. Although the parties appear to quarrel over whether Norgren Kloehn, Inc. and Kloehn, Inc. were ever separate entities, the parties agree the plaintiff's employment with the defendants started on June 29, 2007. (Doc. No. 2, Exh. 2). On November 8, 2013 Norgren Kloehn notified the plaintiff his employment would end on

December 7, 2013. (Id.). The notification was in line with the terms of the contract requiring 30 days notice of termination. This suit followed on the heels of that termination.

The plaintiff filed this case against the defendants on December 9, 2013 in the Pennsylvania Court of Common Pleas for Luzerne County. (Doc. No. 2, Exh. 2). The plaintiff's four-count complaint seeks $50,000 in compensatory damages for (1) breach of contract, or in the alternative, (2) quantum meruit/unjust enrichment, and (3) declaratory judgment that a restrictive covenant is not enforceable, or in the alternative, (4) equitable modification of that restrictive covenant. (Id.). In counts one and two, the plaintiff expressly limits his damages to "an amount less than the arbitration limits of this jurisdiction," which is $50,000 pursuant to Pennsylvania law and local rules, discussed below. The defendants removed the case to this court pursuant to 28 U.S.C. §1332(a) claiming complete diversity and an amount in controversy exceeding $75,000. (Doc. No. 1). The defendant also filed an affidavit in support of removal discussing the value of the equitable claims, apparently recognizing the amount in controversy would become an issue. (Doc. No. 2).

On January 4, 2014, the plaintiff filed his motion to remand. (Doc. No. 7). He filed his brief in support on January 17, 2014. (Doc. No. 13). The defendants filed their brief in opposition on February 7, 2014. (Doc. No. 18). The plaintiff filed his reply brief with appendix on February 18, 2014. (Doc. Nos. 20, 21). The case is now ripe for the court's decision.

2

## II.     DISCUSSION

Before discussing the legal questions presented, the court notes that the briefs contain what the court would consider an unusual amount of personal bickering and squabbling between the attorneys in this case. The court appreciates that counsel represent adverse parties and interests, but would hope that, in the future, counsel would agree that "professional courtesy is compatible with vigorous advocacy and zealous representation." *Huggins v. Coatesville Area Sch. Dist.*, 2009 WL 2973044, *4 (E.D.Pa. Sept. 15, 2009)(citing the Pennsylvania Bar Association's "Working Rules for Professionalism," First Rule (2002)). Having mentioned this, the court will now move onto the legal questions at issue.

A plaintiff may limit his claims to avoid federal subject matter jurisdiction. *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006). As the Third Circuit has established, when a plaintiff limits the amount in controversy pursuant to state laws, the party seeking to remove the action to federal court has the burden to demonstrate to a legal certainty the amount in controversy exceeds $75,000. *Id.* (citing *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir.2004) and *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir.2005)). Although *Samuel-Bassett* and *Morgan* left some uncertainty in regard to what standard to apply, *Federico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007), made it abundantly evident that in a case such as this, the removing party "must show, to a legal certainty, that the amount in

3

controversy exceeds the statutory threshold." *Id.* at 196. Lastly, "[e]ven if a plaintiff states that her claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." *Morgan*, 471 F.3d at 474-75.

The defendants argue that the court adopt the view taken by *Valley v. State Farm Fire and Cas. Co.*, 504 F.Supp.2d 1 (E.D.Pa. 2006), which discusses the rule developed in *Samuel-Bassett*. That court determined "[t]he rule [stated in *Samuel-Bassett*] does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000." *Id.* at 4. However, as *Morgan* and *Frederico* subsequently clarified, when plaintiff expressly limits his recovery, the removing party's burden is substantially raised to show the amount in controversy is met to a legal certainty. *Valley* relies on a different line of reasoning linked to cases where the plaintiff has not explicitly limited his claim. It is inapplicable to the case at bar.

Having outlined the defendants' burden and the legal framework, the court must now determine whether they have demonstrated to a legal certainty the jurisdictional amount. Pennsylvania has established compulsory arbitration when an amount in controversy, exclusive of interest and costs, does not exceed $50,000. 42 Pa.C.S.A. §7361. The Pennsylvania Rules of Civil Procedure require that in "counties having rules governing compulsory arbitration the plaintiff shall state whether the amount claimed does or does

not exceed the jurisdictional amount requiring arbitration referral by local rule." Pa.R.C.P. 1021. The case was originally filed in Luzerne County. Pursuant to Luzerne County's local rules, all cases must be submitted to arbitration when the amount in controversy does not exceed $50,000. Luz.R.Civ.P. 1301. This is consistent with Pennsylvania's statutory scheme and the Pennsylvania Rules of Civil Procedure.

The plaintiff's complaint seeks "accrued bonus monies totaling fifty thousand U.S. dollars ($50,000), as well as any outstanding salary to which he is entitled." (Doc. No. 2). He then demands judgment "in an amount *less than the arbitration limits of this jurisdiction*, together with court costs, interest, and any further relief in favor of the Plaintiff that the Court deems appropriate under the circumstances." (Id.)(emphasis added). On the cover sheet filed in conjunction with his complaint, the plaintiff stated the dollar amount requested was within the arbitration limits, which is $50,000 in Luzerne County. (Doc. No. 14). In Pennsylvania, "an amount claimed by the plaintiff shall be conclusive as to the jurisdiction of the tribunal." *Flynn v. Casa Di Bertacchi Corp.*, 674 A.2d 1099, 1006 (Pa. Super. 1996). Moreover, "monetary limits of compulsory arbitration [pursuant to 42 Pa.C.S.A. §7361] are jurisdictional." *Robert Half Intern., Inc. v. Marlton Technologies, Inc.*, 902 A.2d 519, 529 (Pa. Super. 2006). Pennsylvania law gives effect to *ad damnum* clauses, explicitly limiting the recovery amount of cases designated for compulsory arbitration. Pa. R.C.P. 1021; *Espinosa v. Allstate Ins. Co.*, 2007 WL 1181020, *4

(E.D.Pa. April 16, 2007)("Pennsylvania law, therefore, gives legal effect to the *ad damnum* clauses in Ms. Espinosa's complaint."). In electing to limit his damages to the arbitration requirements under Pennsylvania law, the plaintiff has appropriately avoided the amount in controversy threshold as to those counts. *Morgan*, 471 F.3d at 474.

In attempting to distinguish *Espinosa* from the instant case, the defendants quote part of that decision, stating "the mere fact that [plaintiff] has stated in her complaint that her claims are limited to $50,000 does not establish the amount in controversy. The court must look beyond her pleading . . . to determine the amount actually at issue in her claims." (Doc. No. 18); *Espinosa*, 2007 WL 1181020 at *3. The defendants, however, omitted a key phrase from that passage, failing to include the portion that states, "[t]he Court must look beyond her pleadings to *state law to understand the effect of the ad damnum clauses and* determine the amount actually at issue in [his] claims." *Id.* (emphasis added). This omission fundamentally alters how that court framed and analyzed the effect *ad damnum* clauses have on the amount in controversy. The court assumes that defendants' counsel did not appreciate the import of the omitted language and simply made a minor editing error, rather than an intentional alteration and misrepresentation of that court's holding. When the quote is properly presented, it is obvious that court did not need to look beyond the pleadings in determining whether Pennsylvania law gives effect to *ad damnum* clauses in limiting the amount

6

in controversy. A valid *ad damnum* clause effectively serves as a strict jurisdictional limitation and requires the claim be submitted to arbitration.

Further, the defendants state the "Plaintiff has not explained, must [sic] less established, how the Pennsylvania state law regarding mandatory arbitration has any relevance in this case" given the contract is allegedly governed by Nevada Law. (Doc. No. 18). The defendants then fail to outline how this should factor into the court's decision. This case was initially filed in the Luzerne County Court of Common Pleas. The plaintiff's complaint was executed and filed pursuant to the Pennsylvania Rules of Civil Procedure and other applicable Pennsylvania law. As such, the court must apply Pennsylvania law when determining the amount in controversy stated in the plaintiff's Pennsylvania state court complaint. *See Espinosa*, 2007 WL 1181020 at *3 (holding federal courts must look to Pennsylvania law to determine the effect of *ad damnum* clauses in conjunction with complaints filed in Pennsylvania state court).

The defendants point to a clause in the contract that entitles the prevailing party to attorney's fees, contenting that those costs should be included in the calculation of the amount in controversy. The defendants cite *Graham Co. v. Griffing*, 2009 WL 1407779, *2 (E.D.Pa. May 19, 2009), in arguing that attorney's fees should to be included in determining whether the amount in controversy is satisfied. That case, however, cites to *Suber v. Chrysler Corp.*, 104 F.3d 579 (3d Cir. 1997), which held "attorney's fees are

7

necessarily part of the amount in controversy *if such fees are available to successful plaintiffs under the statutory cause of action.*" *Id.* at 585 (emphasis added). This limitation of inclusion of statutory fees only is directly in line with [Missouri State Life Ins. v. Jones, 290 U.S. 199 (1933)](), where the Supreme Court held that statutorily authorized attorney's fees are included in the amount in controversy because the plaintiff is justified in collecting "something to which *the law* gave him a right." *Id.* at 202. (emphasis added). The plaintiff here is not seeking statutory attorney's fees authorized by law or statute, but he could potentially seek attorney's fees pursuant to the contract between the parties if he prevails. The court declines to adopt the reasoning set forth in *Graham* given the binding precedents of *Suber* and *Jones*. In reading those cases together, their holdings were limited to statutorily authorized attorney's fees. No such fees are presently available in this matter given neither party has prevailed. Therefore, attorney's fees are not part of the amount in controversy in this case.

Finally, the court must address whether the equitable claims and other evidence proffered by the defendants establish to a legal certainty that the amount in controversy has been met. "In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief." [In re Corestates Trust Fee Litigation, 39 F.2d 61, 65 (3d Cir. 1994)](). "In *McNutt* the Supreme Court made clear that the amount in controversy in an injunctive action is measured by the value to

8

plaintiff to conduct his business or personal affairs free from the activity sought to be enjoined." *Id.* (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936)).

Seemingly in anticipation of the plaintiff's motion to remand, the defendants filed an affidavit in conjunction with their notice of removal. (Doc. No. 2). That affidavit is from Jeff Shelby, the vice president of sector sales with Norgren, Inc. He notes that the plaintiff's base salary in 2013 was $119,000 and company net profits significantly exceeded $75,000 in 2012 and 2013. He opines, without stating a basis for his opinion or how he came to his calculation, that the "non-competition, non-solicitation, and non-disparagement provisions in paragraph 6 of the employment agreement, which he seeks to void, have value in excess of $75,000 given the potential gain to Mr. Delamater and the potential harm to Norgren Kloehn if he goes to work for a competitor." (Doc. No. 2). The law requires the court to view the amount in controversy not in terms of the loss to the defendants, but rather in the context of the value of the right to the plaintiff. As such, any harm to the defendants is irrelevant to the court's determination.

In terms of the benefit to the plaintiff, the court finds the reasoning of *Punzak v. Allstate Ins. Co.,* 2007 WL 1166087 (E.D.Pa. April 16, 2007), persuasive. In that case, the plaintiff's complaint alleged $37,348.59 in compensatory damages and also made a bad faith claim pursuant to 42 Pa.C.S.A. §8371, a statute authorizing a successful plaintiff to collect punitive

damages, attorney's fees, and interest if successful. As that court noted, the bad faith claim combined with the claimed damages normally "would involve an amount in controversy greater than $75,000." *Id.* at *2. However, in line with a wide sampling of cases out of the various federal district courts encompassing Pennsylvania, a valid *ad damnum* clause serves as an explicit limit to the amount in controversy and acts as a bar to diversity jurisdiction. *See Dunfee v. Allstate Ins. Co.*, 2008 WL 2579799, *8 (E.D.Pa. June 26, 2008)(holding *ad damnum* clause limits damages to $50,000 does not meet amount in controversy requirement for removal); *Weddington v. Strawbridge's*, 2008 WL 4522483, *2 (E.D.Pa. Oct. 2, 2008)("Indeed, a case subject to compulsory arbitration in Pennsylvania does not satisfy the amount in controversy requirement even where, but for an *ad damnum* clause limiting the claim to $50,000 or less, it would meet the statutory threshold."); *Bowman v. Liberty Mut. Fire Ins. Co.*, 2008 WL 5378272, *2 (E.D.Pa. Dec. 19, 2008)(state claim demanding $50,000 did not satisfy amount in controversy requirement for removal). As the plaintiff expressly limited his claim to $50,000, the *ad damnum* clause precludes this court from exercising its jurisdiction pursuant to 28 U.S.C. §1332.

Moreover, the court further finds that the defendants have not met their burden of establishing the equitable relief requested, combined with the demanded $50,000, would exceed $75,000. The affidavit of Mr. Shelby does not establish to a legal certainty that voiding or modifying the non-compete

has a value of $25,000 in terms of the benefit to the plaintiff. *See Weddington, 2008 WL 4522483 at \*3* (evidence of plaintiff's additional medical costs discovered after complaint was irrelevant when plaintiff explicitly limits amount in controversy). Specifically, he conditions his valuation on the premise that the plaintiff "goes to work for a competitor." (Doc. No. 2). Given voiding the clause only has value in a limited circumstance, i.e. if the plaintiff goes to work for a competing company, the defendants speculative argument fails to establish the amount in controversy to a legal certainty. *See Bowman, 2008 WL 5378272 at \*2* (defendant's speculation that jury verdict could return in excess of $75,000 insufficient to meet amount in controversy requirement). As previously noted, what loss the defendants may suffer is irrelevant to this court's determination.

### III.  CONCLUSION

For the reasons discussed above, the plaintiff's motion to remand, (Doc. No. 7), is **GRANTED**. An appropriate order shall follow.

<br>

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 21, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0008-01.wpd